**Jowell FINLEY, Plaintiff—Appellant,**

v.

**Linda PARKER, Defendant—Appellee.**

**No. 05–56531.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 1, 2007.

Kelly A. Woodruff, Esq., Farella Braun & Martel, LLP, San Francisco, CA, for Plaintiff–Appellant.

Jowell Finley, Soledad, CA, pro se.

John F. Bazan, Esq., Office of the California Attorney General, Los Angeles, CA, for Defendant–Appellee.

Before: TROTT and N.R. SMITH, Circuit Judges, and SHADUR *, District Judge.

## MEMORANDUM **

Jowell Finley ("Finley") appeals the district court's grant of summary judgment in favor of Linda Parker ("Parker") in Finley's 42 U.S.C. § 1983 action against Parker. Finley, an inmate in the California penal system, has alleged that Parker, a prison dental assistant, was indifferent to his dental needs and interfered with his access to necessary treatment in violation of the Eighth Amendment.[1] We affirm in part, reverse in part and remand.

To avoid transgressing the Eighth Amendment's proscription against "cruel and unusual punishment," a state must provide medical care to those placed in its care through incarceration (see the seminal opinion in Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Constitutionally inadequate medical care is established by a showing of (1) deliberate indifference (2) to a serious medical need of an inmate (id. at 104). Dental care is included in the state's medical care obligation (Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir.1982)).

We reverse the district court's grant of summary judgment with respect to tooth # 32. Genuine issues of material fact exist, so that summary judgment is inappropriate as to that tooth. With the record viewed in the light most favorable to Finley,[2] Parker manifested deliberate indifference by circumventing prison procedure through repeatedly refusing to add Finley's name to the "sick call" list. Those refusals interfered with Finley's access to treatment and caused the resolution of his dental problem to be delayed. Parker further evidenced her indifference by taunting Finley, stating "That's why God made women to have babies, because you men can't handle pain."

Parker caused a 7-½ month delay in Finley's access to a dentist. Upon that belated examination by the dentist, a fragment of a tooth that had been extracted nine days before Finley's first visit to Parker (and the concomitant denial of treatment) was removed from his gums. That fragment confirmed Finley's claim of a serious medical need and of its having caused the needless infliction of pain for an extended period, as well as of its having interfered with his daily life by impeding his ability to eat and drink without undue discomfort.

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We adhere to the conventional and convenient (though technically imprecise) practice of referring to the underlying Bill of Rights provision (which of course imposes limitations only on the federal government) rather than to the Fourteenth Amendment (which applies to state actors and has been construed to embody such Bill of Rights guaranties).

2. Given that required summary judgment standard, we set out the relevant facts in accordance with Finley's version, without the need to insert "Finley alleges" or similar qualifiers. That does not of course control the district court's resolution of any disputed factual issues on remand.

636

Qualified immunity does not shield Parker from immunity. That doctrine involves a two pronged inquiry: (1) whether the facts as alleged demonstrate that Parker violated a constitutional right of Finley and (2) whether the law regarding that right was clearly established at the time of the alleged violation (*Serrano v. Francis,* 345 F.3d 1071, 1077 (9th Cir.2003)). If both those queries are answered in the affirmative, qualified immunity is absent. Here Parker had no discretion to deny inmates access to sick call appointments (a clearly established entitlement to the treatment of serious medical needs). Coupling Parker's constitutional violation with her knowing breach of the duty to assign such sick call appointments defrocks Parker of any vestige of qualified immunity's protective cloak.

As to tooth #3, however, we affirm the district court's grant of summary judgment because Parker did not demonstrate deliberate indifference to Finley's complaints about that tooth. Parker rather presented Finley with a choice between immediate extraction of the chipped tooth or waiting for a filling. Such a choice does not demonstrate deliberate indifference. Instead that presentation of options showed a concern for Finley's dental ailment and allowed him to select the treatment alternative that best comported with his individualized concerns. Furthermore, Dr. Marquez, a prison dentist, was present during the consultation and had ultimate control over Finley's treatment.

Summary judgment was proper as to tooth #3 but improper as to tooth #32. We therefore AFFIRM the decision of the district court in part, REVERSE in part and REMAND for further proceedings, with the parties to bear their own costs.